IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RODERICK JOHNSON,** | * | |
| **Plaintiff,** | * | |
| v. | * | **CIVIL NO. JKB-24-2883** |
| **YOUTUBE STREAMER TONY 2 TIMES TV,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Plaintiff Roderick Johnson filed a Complaint against Defendant "Tony 2 Times TV." (ECF No. 1.) The Court previously issued an Order granting Plaintiff time either to pay the filing fee or to file a Motion to Proceed in Forma Pauperis. (ECF No. 3.) Plaintiff has filed a Motion to Proceed in Forma Pauperis. (ECF No. 4.) The Court will grant the Motion and dismiss the Complaint.

"[U]nder 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted." *Harris v. Janssen Healthcare Prods.*, Civ. No. ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015). Further, "[u]nder 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level' and that 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In addition, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet*

*Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citations and internal quotation marks omitted).

Here, Plaintiff alleges that Defendant "is a YouTube streamer who makes a living off of posting high profile cases of people who live[] in Baltimore City," and further alleges that Plaintiff is "one of [those] people who live in Baltimore City and is convicted of a high profile case." (ECF No. 1 at 1.) Plaintiff also alleges that he was "falsely convicted of gunning down his wife in the middle of the street" and that Defendant "made a whole segment about [Plaintiff] and his wife about how this incident occurred." (*Id.*) Plaintiff explains that he seeks $5,000,000 for "defamation of character." (*Id.* at 2.)

As an initial matter, Plaintiff has not properly pleaded that this Court has jurisdiction over this case. Defamation is a state-law claim, but Plaintiff does not plead either his or the Defendant's citizenship. 28 U.S.C. § 1332(a) provides, in relevant part, that federal district courts have original jurisdiction only over matters in which (1) the amount in controversy exceeds $75,000, and (2) the parties are citizens of different states. Therefore, the Complaint must be dismissed for lack of jurisdiction.

Moreover—and assuming that the Court would apply Maryland law in a potential diversity action—"[u]nder Maryland law, a properly pleaded defamation claim is accompanied by specific facts establishing the following four elements: '(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm.'" *Daniel v. Home Box Off., Inc.*, Civ. No. ELH-23-233, 2023 WL 8478867, at *10 (D. Md. Dec. 7, 2023) (quoting *Baker-Proctor v. PNC Bank, N.A.*, Civ. No. DKC-21-3299, 2023 WL 1801932, at *2 (D. Md. Feb. 7, 2023)).

Plaintiff stumbles on the second and third steps. With respect to the second element—the falsity of the statement—he himself alleges that he has been convicted of the crime that Defendant discusses on his YouTube channel. Although he alleges that he has been *falsely* convicted, that does not change the fact that he was indeed convicted. With respect to the third element—that the defendant was legally at fault in making the statement—"[i]n the context of defamation cases involving private plaintiffs, to adequately show negligence, plaintiffs must allege facts sufficient to show that the defendant failed to act as a reasonable person under like circumstances in making the false and defamatory statements." *Finley Alexander Wealth Mgmt., LLC v. M&O Marketing, Inc.*, Civ. No. GJH-19-1312, 2021 WL 1215769, at *13 (D. Md. Mar. 31, 2021) (citation and quotation marks omitted). Plaintiff has made no allegations to that effect.

Accordingly, it is ORDERED that:

1. Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 4) is GRANTED;
2. Plaintiff's Complaint is DISMISSED;
3. The Clerk is DIRECTED to CLOSE this case; and
4. The Clerk is DIRECTED to MAIL a copy of this Memorandum and Order to Plaintiff.

DATED this 21 day of January, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge